IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL CADENA, §<br>　#54212-177, §<br>　　　　　MOVANT, §<br>§<br>v. §<br>§<br>§<br>UNITED STATES OF AMERICA, §<br>　　　　　RESPONDENT. § | | CASE NO. 3:19-CV-2499-L-BK<br>(CRIMINAL CASE NO. 3:16-CR-232-L-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Joel Cadena' pro se *Motion for Enlargement of Time to File* a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the requested extension should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Cadena pled guilty to bank robbery and using carrying and brandishing a firearm during a crime of violence and was sentenced to an aggregate prison term of 120 months, to be followed by a three-year term of supervised released, and was ordered to pay restitution of $1,681. *United States v. Cadena*, No. 3:16-CR-232-L-1, Crim. Doc. 43 (N.D. Tex. Apr. 18, 2017), *aff'd*, 728 F. App'x 381 (5th Cir. June 22, 2018) (per curiam), *cert. denied*, 139 S. Ct. 436 (2018). By the instant motion, Cadena requests an extension of time to file a Section 2255 motion—from October 29, 2019 (the date he states his conviction became final) until January 29, 2020. Doc. 1 at 1-2. He avers that he diligently requested the records he needed in June 2019, but did not receive them until October 1, 2019, due to prison system delays in paying for those records.

Doc. 1 at 1. However, Cadena's request is not accompanied by even a skeletal Section 2255 motion.

Federal courts lack jurisdiction to consider the timeliness of a Section 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (quoted case omitted) (*per curiam*) ("Before the [2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Indeed, neither the 2255 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a Section 2255 motion. Furthermore, Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).[1]

Thus, until Cadena files a Section 2255 motion, there is neither an adverse party nor a concrete dispute before the Court. *See, e.g., United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a Section 2255 motion because the district court lacked jurisdiction to entertain the motion). Accordingly,

---

[1] The Court does not express any opinion as to the timeliness of any Section 2255 that Cadena may subsequently file. *See* 28 U.S.C. § 2254(f) (time for filing a Section 2255 motion; *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding motion for extension of time, standing alone, was insufficient to toll one-year limitations period for filing a federal habeas petition).

Cadena's request for extension of time to file a Section 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on October 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).